# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **APRIL MINARD** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **ZWICKER & ASSOCIATES PC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, April Minard, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, April Minard, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office there.

### III. PARTIES

4. Plaintiff, April Minard is an adult natural person residing at 337 McAdoo Creek Rd., Clarksville, TN 37043.

5. Defendant, Zwicker & Associates PC ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the State of Tennessee and the State of New Jersey with its principal place of business located at 80 Minuetman Rd., Andover, MA 01810 and a registered office located at 820 Bear Tavern Road, Trenton, NJ 08628-1021.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about June 12, 2009, Plaintiff began receiving calls from the Defendant's agent, "Matthew Brouder", in regards to a debt owed on a Discover account.

8. Plaintiff informed Defendant's agent, "Matthew Brouder", that she was being represented by Persels & Associates and that he needed to speak with them directly on this matter.

9. Defendant's agent, "Matthew Brouder", told the Plaintiff that he would not call Persels and that he would not work with a third party.

10. On or about June 12, 2009, Persels & Associates sent Defendant a cease and deist letter informing them that they have been retained by the Plaintiff to aid in settling their debts and that Defendant needed to cease all further direct contact with the Plaintiff.

11. Plaintiff continued to receive calls from Defendant demanding payment on the above mentioned debt. Plaintiff told them again that they needed to contact her attorneys' and that she also knew that they had been contacted in writing of that fact. Defendant denied that Persels ever contacted them about representation of the Plaintiff.

12. On or about October 20, 2009, Plaintiff received another call from the Defendant looking for payment on her outstanding debt. Plaintiff tried again to give Defendant the phone number to her attorney. Defendant's agent would not take the number and told the Plaintiff that she would be sued for failure to pay this debt.

13. On or about October 20, 2009, Persels & Associates sent a second cease & desist letter to the Defendant informing them again of the Plaintiff's representation and letting them know that Persels would contact them in the future to discuss possible settlement options.

14. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

15. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5)    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | After notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | |
|---|---|
| §§ 1692d(6) | Place telephone calls without disclosing his/her identity |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Zwicker & Associates PC for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **WARREN & VULLINGS, LLP**

**Date: November 24, 2009**        **BY:** */s/ Bruce K. Warren*
                                            Bruce K. Warren, Esquire


                                        **BY:** */s/ Brent F. Vullings*
                                        Brent F. Vullings, Esquire

                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800    Fax 215-745-7880
                                        Attorney's for Plaintiff